UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LYN CRAWFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER PHIPPS, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00368-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>[ECF No. 1] |

Plaintiff Gary Lyn Crawford is a pretrial detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On September 24, 2013, while Plaintiff was being transported to Court by the Stanislaus County jail personnel, officer Phipps made a sudden stop on the freeway causing motorist, Guiang, to rear-end the van. Plaintiff received a one and one-half inch laceration on his forehead. Officer Ruiz and Phipps observed the laceration on Plaintiff's forehead but left the scene. Upon Plaintiff's arrival to the Stanislaus County jail, Dr. Andrew Ho applied two butterfly sutures to the laceration. It took 32 days and a CT scan and MRI before Plaintiff was prescribed Vicodin and Neurotin for his neck pain.

## III.

## DISCUSSION

A.   **Deliberate Indifference to Serious Medical Need**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process

1 Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  <u>Simmons</u>, 609 F.3d at 1017-18; <u>Clouthier</u>, 591 F.3d at 1242; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

Even if it is assumed that the one and one-half inch laceration to Plaintiff's forehead presents a serious medical condition under the first prong of medical indifference, Plaintiff has failed to demonstrate deliberate indifference on the part of any Defendant.  Plaintiff's own allegations demonstrate that he was treated by Dr. Andrew Ho who applied two sutures to Plaintiff's forehead. While Defendants Phipps and Ruiz may have viewed Plaintiff's laceration there is no factual allegations to support a finding that either of them acted with deliberate indifference as Plaintiff was subsequently treated by Dr. Ho.  A finding of deliberate indifference requires a "purposeful act or failure to act on the part of the defendant" in response to the inmate's pain or medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976).  There is simply no factual support to find that either Defendant refused and/or prevented Plaintiff from receiving medical care or denied Plaintiff medical care they believed Plaintiff needed.

///

///

In addition, the fact that it took 32 days for Plaintiff to receive certain pain medical fails to demonstrate deliberate indifference on the part of Dr. Ho. Plaintiff has no federal right to his desired treatment and medication. Plaintiff provides no facts that any alleged delay was caused by Dr. Ho or that Dr. HO was indifferent to his needs. Cf., Wilhelm v. Rotman, 680 F.3d at 1123 (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Plaintiff does not claim that Dr. Ho was aware of any delay and of any risk associated with such delay and refused to act. Furthermore, even if Dr. Ho was negligent, which the Court does not find, mere negligence or medical malpractice does not support a claim for deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need, and the claim must be dismissed with leave to amend.

**B.     Private Individual Liability Under Section 1983**

Plaintiff names Guiang as a Defendant in this action. Private individuals, such as Guiang, are generally not subject to liability 42 U.S.C. § 1983. Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). In order for a private individual to be liable for a section 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations. Franklin v. Fox, 312 F.3d 423, 445-446 (9th Cir. 2002) (citing King v. Massarweh, 782 F.2d 825, 829 (9th Cir. 1986). "Absent some showing that a private party had some control over state officials' decision to commit the challenged act, the private party did not proximately cause the injuries stemming from the act." Id. at 446 (quoting Massarweh, 782 F.2d at 829 (internal quotation omitted).

There is absolutely no showing that Guiang had any control over the officer's actions and he could not have proximately caused the injuries stemming from the accident. Accordingly, Defendant Guiang must be dismissed from the action without leave to amend.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.

4

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 17, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 16, 2014**               _____
                                        UNITED STATES MAGISTRATE JUDGE