UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LYN CRAWFORD,<br><br>         Plaintiff,<br><br>    v.<br><br>OFFICER PHIPPS, et al.,<br><br>         Defendants. | Case No.: 1:14-cv-00368-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 8] |

Plaintiff Gary Lyn Crawford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 9, 2014. Local Rule 302.

Now pending before the Court is Plaintiff's first amended complaint filed July 9, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On September 24, 2013, while Plaintiff was being transported by van from county jail to court, he was involved in a rear-end collision on the highway.  Plaintiff received a visible head injury which later resulted in three herniated discs.  On this same date, he was told by Dr. Andrew Ho to submit a medical kite (request) if any other problems occurred.  Dr. Ho was informed of the pain in Plaintiff's neck and Plaintiff submitted approximately twenty medical Kites (requests), from September 24, 2013, to October 26, 2013, because of the pain, but received no response.  Plaintiff contends Dr. Ho was informed of his pain but ignored his medical needs.

///

///

///

# III.

# DISCUSSION

### A.   Deliberate Indifference to Serious Medical Need

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

///
///
///
///
///

Plaintiff fails to state a cognizable claim for relief. Although Plaintiff contends that Dr. Ho ignored his requests for medical attention, the exhibits attached to his complaint belie his claim.[1] It was specifically noted on September 28, 2013, that Plaintiff was examined several times and an x-ray was ordered. (EDF No. 8, 1st Amd. Compl. at 13.) It was further noted on October 11, 2013, that the county jail did not have "claims" form, and Plaintiff was advised that if he was experiencing medical issues, he could and should submit a "blue kite." (Id. at 14.) There is simply no showing or support for Plaintiff's claim that Dr. Ho acted with "deliberate indifference" to a serious medical need in violation of Plaintiff's constitutional rights. Accordingly, dismissal of the complaint is warranted, and given that Plaintiff was previously advised of the applicable legal standard and provided leave to amend, further leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff fails to state a cognizable claim for relief. The Court previously described in detail the legal standard necessary to state a cognizable Eighth Amendment claim. Plaintiff again fails to do so.

Accordingly, further leave to amend would be futile, and the complaint is DISMISSED, with prejudice, for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: __July 18, 2014__

UNITED STATES MAGISTRATE JUDGE

---

[1] In determining whether a complaint states a cognizable claim for relief, the Court may consider materials attached as exhibits to the complaint and incorporated therein. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); City of Fresno v. U.S., 709 F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010).

4